IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Miyuki Maureen Johnson, *Trustee for MMJ Enterprise Foreign Express Trust*, | ) ) ) | C/A No. 3:25-6165-JFA-PJG |
| Plaintiff, | ) ) | **ORDER AND REPORT AND RECOMMENDATION** |
| v. | ) ) | |
| City of Columbia Water, | ) ) | |
| Defendant. | ) ) | |

Plaintiff Miyuki Maureen Johnson, proceeding *pro se* and purportedly as trustee for the MMJ Enterprise Foreign Express Trust, brings this action alleging claims against City of Columbia Water. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that this action should be summarily dismissed without prejudice and without issuance and service of process.[1]

**I.  Factual and Procedural Background**

Plaintiff alleges that "[o]n or about June 2025, [she] submitted a lawful A4V (Accepted for Value) remittance and trust discharge packet to City of Columbia Water for the full balance owed" and that Defendant failed to respond within seventy-two hours and "continued to issue bills and threaten service interruption." (ECF No. 1 at 1-2.) Plaintiff maintains that Defendant's actions

---

[1] Plaintiff submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO240), which the court construed as a motion for leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915. (ECF No. 2.) A review of the motion reveals that Plaintiff should be relieved of the obligation to prepay the full filing fee. Therefore, Plaintiff's motion for leave to proceed *in forma pauperis* is granted.

"constitut[e] dishonor under UCC 3-603 and 3-311."[2] (Id. at 2.) She indicates that she is "entitled to protection under the ADA . . . from discriminatory and coercive utility practices." (Id.) Plaintiff seeks $100,000 and an injunction prohibiting further billing or termination threats.

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

---

[2] Section 3-603 of the Uniform Commercial Code ("UCC") concerns tender of payment of an obligation to pay an instrument to the person entitled to enforce the instrument and § 3-311 governs accord and satisfaction by use of an instrument. Section 3-311 applies "[i]f a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument." U.C.C. § 3-311(a).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

Plaintiff's Complaint should be dismissed as frivolous. This is one of eleven cases recently filed by Plaintiff in this court asserting almost identical claims against various defendants. See Johnson v. Freedom Mortg. Corp., C/A No. 3:25-6160-JFA-SVH (D.S.C); Johnson v. Dominion Energy S.C., Inc., C/A No. 3:25-6161-JFA-SVH (D.S.C.); Johnson v. Synchrony Bank, C/A No. 3-25-6162-JFA-SVH (D.S.C.); Johnson v. Credit Acceptance Corp., C/A No. 3:25-6163-JFA-SVH (D.S.C.); Johnson v. Palmetto Util., Inc., C/A No. 3:25-6164-JFA-SVH; Johnson v. City of Columbia Water, C/A No. 3:25-6165-JFA-PJG (D.S.C.); Johnson v. Fairfield Elec. Coop., Inc., C/A No. 0:25-6166-JFA-SVH (D.S.C.); Johnson v. Ally Fin., Inc., C/A No. 3:25-6167-JFA-SVH (D.S.C.); Johnson v. Carefree Rentals, LLC, C/A No. 3:25-6168-JFA-SVH; Johnson v. One Main Fin., C/A No. 3:25-6263-JFA-SVH (D.S.C.); Johnson v. Navy Fed. Credit Union, C/A No. 25-6264-JFA-SVH (D.S.C.). As explained in Johnson v. Palmetto Utilities, Inc., "[a]ttachments to Plaintiff's complaints show that she allegedly created various trusts, assigned encumbered assets to the trusts, submitted to defendants letters and documents she stated served as 'lawful discharges and assignments' of the obligations owed to defendants, completed UCC financing statements purportedly perfecting security interests in the assets, instructed defendants to cease debt

enforcement actions, and is now requesting the court grant her damages and injunctive relief based on defendants' failures to respond favorably to her submissions." C/A No. 3:25-6164-JFA, Report and Recommendation, ECF No. 9 at 5.

Although Plaintiff does not use these terms, her underlying rationale stems from the "redemption" theory commonly associated with the sovereign citizen movement. See generally Bryant v. Washington Mut. Bank, 524 F. Supp. 2d 753, 757-60 (W.D. Va. 2007), aff'd 282 F. App'x. 260 (4th Cir. 2008) (explaining the redemption theory). This theory has been unsuccessfully advanced throughout the country by individuals seeking to avoid debt repayment. See Vachon v. Reverse Mort. Sol., Inc., C/A No. EDCV 16-02419-DMG (KES), 2017 WL 6628103, at *4-6 (C.D. Ca. Aug. 11, 2017) (explaining that the redemption theory has been "dismissed as patently frivolous by courts . . . across the country" and collecting cases); Bryant, 525 F. Supp. 2d at 758-60 (stating that the plaintiff's claim that her Bill of Exchange was a "legitimate negotiable instrument is clearly nonsense in almost every detail" and finding that the plaintiff "did not tender payment, but rather a worthless piece of paper"). As Plaintiff's claim is based on the same untenable legal theory, it is legally frivolous and should be summarily dismissed. See Denton v. Hernandez, 504 U.S. 25, 31 (1992) (providing that a claim is frivolous if "it lacks an arguable basis either in law or in fact") (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)); Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) ("Over the years [the Supreme] Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion.").

Plaintiff's remaining assertion—that she is "entitled to protection under the ADA . . . from discriminatory and coercive utility practices"—is far too conclusory to engender subject matter

jurisdiction. See Burgess v. Charlottesville Sav. & Loan Ass'n, 477 F.2d 40, 43-44 (4th Cir. 1973) ("[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit[,] nor does federal jurisdiction attach on the bare assertion that a federal right or law has been infringed or violated or that the suit takes its origin in the laws of the United States.") (internal citations and quotation marks omitted); Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452-53 (4th Cir. 2012) (finding that where the alleged federal claim is "so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy," subject matter jurisdiction does not exist over that claim) (citing Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998)).

### III. Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

July 9, 2025
Columbia, South Carolina

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).